March 7, 2024

EXHIBIT 3

The Honorable Robert C. Chambers
United States District Court
Southern District of West Virginia
Sidney L. Christie U. S. Courthouse and Federal Building
845 Fifth Avenue
Huntington, West Virginia 25701

RE: United States v. David K. Smith, Case No.: 04253:23CR00005-001

Dear Judge Chambers,

I am writing to you in regard to the above referenced case and the pending sentencing of David K. Smith regarding his recent Plea Arrangement.

I know David in several facits that directly and indirectly relate to this legal proceeding as well as his personal life. I would like to address this matter by sharing my experiences in regard to my close friendship, as past business associate, and in reference to his overall love of the river industry including his astute knowledge of river history. Additionally, I would like to share input based on experience I have gained after a 26 year career in the Department of Justice/federal judicial system.

**FRIENDSHIP**: David and I have been close friends since I was a student in college and he was already well into his career as a towboat captain. He aided me in the early days of my "career choice" and guided me with grounded advice in various matters. Later, he was best man at my wedding and I was best man at his wedding. Thus, our closeness in relationship is obvious. I can unequivocally attest to his integrity and great moral character as both a friend and citizen. David has undoubtedly been a patriot in his stance for this country. He has been a proud citizen with only these recent events souring his trust in our government. Moreso, David is a proud Christian man who loves his Lord and Savior and is active in various degrees and positions at his church. He is a man of high standard and recognized among his congregation as both a general and spiritual leader. Additionally, while I served as a Mexico Missions Coordinator/Director, David has joined me on several working-mission trips to parts of Mexico. He has also been generous with his time and resources in support of the Gospel.

**BUSINESS:** Approximately 20 years ago, I joined David in his business venture. Since the time of our early friendship, I had a growing interest in the tow boat / barge line business. This factor, as well as an interest in a solid business investment, lead me to the purchase of a towboat which I immediately named "Miss Reagan" in honor of my daughter. The joint venture occurred as David sought for more boats to handle work, yet to also have capital investment freedom without "owning" more boats. Our joint venture was a success as I leased the "Miss Reagan" to his company for several years. I eventually sold the vessel. The eventual dissolution of

saw no negative operation nor concerns regarding his business dealings and love for the river and industry. It was also during this time that his brother and business partner, Gregg Smith, drowned due to the sinking of a towboat. While it was a deeply personal shock to David, as his brother, it was also a significant shock to the company and operation aspects. Regardless, David trudged on and continued to manage the company, absorbing the duties his brother once performed. At no time was there a perception of mismanagement nor disregard for the river industry. **David's love for this industry cannot be overstated.**

**RIVER HERITAGE:** David is a second generation towboat worker and has deep family ties in the river industry. "*He knows everyone on the river and everyone knows him".* He is recognized across the inland waterways as an expert historian as well as an expert regarding operation and navigation. He has, on several occasions, served as an expert witness in certain legal cases. David has also been active in the Seamen's Church Institute/Center for Maritime Education. Additionally, he is an editor with the Waterways Journal, a periodical produced in support of the inland waterways and all aspects of its' operation. I realize the charge against David is in regard to the allegation he "released refuse" into the waterways. I am in no position to debate that matter as this specific statue is quite narrow. However, I can say, without a doubt and likely confirm it from other industry leaders, NO INDIVIDUAL HAS A GREATER LOVE FOR THE RIVER AND RELATED INDUSTRY THAN CAPTAIN DAVID SMITH. Therefore, a claim he has acted in "negligence" seems farfetched! There has been no greater voice defending the river than David. I pray the Court takes notice there is NO PRIOR INCIDENT IN WHICH A MATTER SUCH AS THIS WAS DEEMED CRIMINALLY NEGLIGENT ***AND WAS NOT*** A BASIC LIABILITY CASE. A SEARCH OF ALL RECORDS BY SEVERAL SOURCES HAS PROVEN THAT THIS PARTICULAR STATUE HAS NEVER RESULTED IN A CRIMINAL CHARGE. I state this with full assurance. I realize this letter is to be in general support and not debate the legal proceedings. However, I fear the risk if it is not again made obvious to the Court that unique circumstances exist in this matter. (beyond the fact of NO history of criminal convictions with this statute.) As a citizen, and RETIRED FEDERAL LAW ENFORCEMENT OFFICER/DOJ, and one with extensive knowledge of the court system, I sense a shame in the methods of this case. First, a failed attempt for a grand jury indictment. Then, the several years of "silence" on the matter(while "potential" company assets were sold), only to be followed by the presentation of a "misdemeanor" charge 5 days before the statute of limitations expires. **IF** the prosecution had intent to maximize MY tax dollars and seek VIABLE restitution, this case was poorly managed. IF there was a true concern, the "ball was obviously dropped" in regard to an honest desire to seek justice. I ask the Court to consider these matters and "wonder" if the prosecution gave the tax payers "due diligence" in allowing this matter to sit....IF, IN FACT, THIS IS A TRUE CRIMINAL MATTER. There are simply too many questions that should be asked. Regardless, due to the narrow structure of this statue and lack of financial resources, this INDIVIDUAL had minimal option other than the plea deal. Again, I apologize to the Court for the sidetrack in this matter, but, with my career experience, I trust you understand why I have done so. I hold your office in highest regard.

In closing, I would like to reaffirm that the man standing before you facing this misdemeanor charge is an upright and just individual, friend, citizen, and river man. I understand the facts of a plea deal. However, I also understand, in your wisdom, you will see no rationale in placing this man in confinement or anything greater than a minimal period of probation. I thank the Court for reviewing my input.

Sincerely yours,

Brian E. Sparks

11005 Broadway Drive

Ashland, Kentucky 41102

606-571-9020

EXHIBIT 3